IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| CRISTINA EMMONS, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. 3:20-cv-25-NKM |
| *Plaintiffs*, | § § | |
| v. | § § § | JURY TRIAL DEMANDED |
| AVONDALE DECOR LLC f/k/a ALLIED BRASS MANUFACTURING CO., ROBERT ANDRIS, and JEANETTE DAUB | § § § § § § | COLLECTIVE ACTION |
| *Defendants*. | | |

## AMENDED COLLECTIVE ACTION COMPLAINT

1. Avondale Decor LLC f/k/a Allied Brass Manufacturing Co. ("Avondale"), is a company engaged in the design and manufacturing of brass accessories in Central Virginia. Avondale is violating the Fair Labor Standards Act ("FLSA") by failing to pay the non-exempt employees of Avondale overtime, thus depriving them of rightful compensation for their work that Defendant is legally obligated to pay.

2. Plaintiff worked for Defendant as an hourly-paid employee and was damaged by those illegal policies or practices. In short, Plaintiff was denied the overtime compensation she was due under the FLSA. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated current or former hourly employees to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

## I. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arises under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in the County of Louisa, Virginia.  28 U.S.C. § 1391(b)(2).

## II. THE PARTIES

5. Plaintiff Cristina Emmons worked as an hourly employee for Defendant.  She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA.  Ms. Emmons' consent is attached hereto as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former hourly employees who were employed by Defendant during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Avondale Decor LLC f/k/a Allied Brass Manufacturing Co. is a company engaged in the design and manufacturing of brass accessories.  Avondale's principal office address as registered with the Virginia State Corporation Commission is 195 Duke Street, Louisa, VA 23093. Avondale is engaged in commerce in the United States and is otherwise subject to the FLSA.  Avondale employed Plaintiff and Members of the Class within the meaning of the FLSA.  Avondale's registered agent is Robert J. Andris, with a registered office address of 195 Duke Street, Louisa, VA 23093.

8. Defendants Robert Andris and Jeanette Daub are believed to be the owners of Defendant Avondale, with Robert being responsible for the day-to-day operations of the company.

Plaintiff repeatedly interacted with Robert on issues of her employment, including her pay rate. Jeanette's signature appeared on each of Plaintiff's pay checks. Accordingly, on information and belief, Robert and Jeanette have a significant ownership interest with operational control of significant aspects of Avondale's day-to-day functions, including the power to hire and fire employees and determine rates of pay.

### III.   BACKGROUND

9. The preceding paragraphs are incorporated by reference.

10. Defendant operates a design and manufacturing facility for brass accessories in Central Virginia. Additionally, Defendant employs a number of workers in the design and manufacturing process of brass fittings, including but not limited to workers such as Plaintiff.

11. Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek. However, Defendant did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rate for all hours worked in excess of 40 each week.

12. Instead, and as reflected in her pay stubs, Defendant adjusted Plaintiff's hourly pay rate such that her compensation for any hours worked in excess of 40 hours per week was only paid at her normal hourly rate. As a result, Defendant failed to properly compensate its employees under the FLSA.

### IV.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.   *Defendants Failed to Properly Pay Overtime Compensation.***

13. The preceding paragraphs are incorporated by reference.

14. Plaintiff Cristina Emmons was employed by Avondale from March 2015 until April 17, 2020 as a supervisor.

15. Despite the title, Emmons did not manage Avondale, nor did she manage a customarily recognized department or subdivision of Avondale. Moreover, Emmons did not have a say in who was hired or fired. Accordingly, Emmons did not qualify for the Executive Exemption, and was a non-exempt employee.

16. Plaintiff's initial hourly rate of pay was $11.00 per hour, was increased to $12.50 shortly after she started work, and increased again to $13.50 per hour in early 2020, where it remained until the end of her employment.

17. Attached hereto as Exhibit B is a summary of all of the pay stubs available to Plaintiff at this time.

18. Plaintiff was required to punch a timecard when she began work, when she took her lunch break, and again at the end of the work day.

19. Instead of paying Plaintiff her hourly rate for the first 40 hours and then 1.5 times her hourly rate for each hour thereafter, Defendant adjusted Plaintiff's hourly rate to conceal the fact that she was working overtime.

20. That is, Defendant would calculate the amount of pay due to Plaintiff under her straight hourly pay rate multiplied by the number of hours worked that week. Defendant would then adjust the Plaintiff's pay rate so that the adjusted pay rate multiplied by 40 would equal that total.

21. Accordingly, Defendants failed to properly compensate Plaintiff for the overtime she actually worked. For example, for the pay period of March 28, 2020 through April 3, 2020, Plaintiff's actual hours worked was 73. This represents 33 hours of overtime worked for which she received compensation at her standard hourly rate of $12.50, and not at the overtime rate of $18.75.

22. Based on the paystubs available to her, Plaintiff has calculated that she has worked an average of 22.4 hours of overtime per week.

23. Projecting that number out to the relevant period, Plaintiff worked a total of 3,360 overtime hours between June 1, 2017 and April 17, 2020. Despite this, and as demonstrated by Exhibit B, Plaintiff was paid only her standard hourly rate for each hour worked.

24. Plaintiff is owed no less than $21,000 in direct overtime compensation, in addition to liquidated damages and attorney's fees.

**B.    *Defendant Willfully Violated the FLSA.***

25. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendant failed to follow these rules when paying Plaintiff.

26. Defendant has or had a policy and/or practice of not paying its employees the proper rate for overtime they worked. Instead, Defendant paid its employees their regular rate no matter how many hours they worked per pay period, with no overtime premium for hours worked over 40 in a workweek as required under the FLSA. Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

27. Defendant knew or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff, as demonstrated by Defendant's practice of adjusting the hourly rate so as to avoid reporting overtime hours.

**V.    FLSA COLLECTIVE ACTION ALLEGATIONS
UNDER 29 U.S.C. § 216(B)**

28. The preceding paragraphs are incorporated by reference.

29. Plaintiff is aware that Defendant's illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendant as hourly-paid (or non-exempt) workers. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

30. Plaintiff is aware of at least two other employees of Defendant who were paid in the same manner as she. Accordingly, upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

31. Defendant's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees their regular rate no matter how many hours they worked per pay period, with no overtime premium for hours worked over 40 in a workweek. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

32. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid employees who were employed by Defendant during the three-year period preceding the filing of this complaint.**

33. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

34. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

35. The preceding paragraphs are incorporated by reference.

36. As set forth above, Defendant violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to properly compensate for overtime hours, as described above. 29 U.S.C. §§ 207.

37. Plaintiff and Members of the Class are entitled to recover overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 207, 216 (b).

38. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

39. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id*.

## VII.   JURY DEMAND

40. Plaintiff demands a jury trial. Any required jury fee will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Avondale Decor LLC f/k/a Allied Brass Manufacturing Co., Robert Andris, and Jeanette Daub, jointly and severally, for:

1. Damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

2. An amount equal to unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

3. Reasonable attorneys' fees, costs and expenses of this action;

4. Pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. Such other and further relief as may be allowed by law.

DATED this 21st day of May, 2020.                Respectfully submitted,

By: */s/ Amy J. Inge*
David W. Thomas, Esq. (VSB #73700)
Amy J. Inge, Esq. (VSB # 39804)
MICHIEHAMLETT
310 4th Street NE, 2nd Floor
PO Box 298
Charlottesville, Virginia 22902
Phone: 434-951-7224
Fax: 434-951-7244
dthomas@michiehamlett.com
ainge@michiehamlett.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2020, I filed the foregoing via the Court's CM/ECF system.

*/s/ Amy J. Inge*
Amy J. Inge, Esq.